RENDERED: MAY 10, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0659-MR

DANIEL DEAN                                                        APPELLANT

v.
APPEAL FROM GRAYSON CIRCUIT COURT
HONORABLE KENNETH H. GOFF, II, JUDGE
ACTION NO. 21-CI-00216

PATRICK CARBY                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, A. JONES, AND KAREM, JUDGES.

KAREM, JUDGE: Daniel Dean appeals the Grayson Circuit Court's grant of

summary judgment in Patrick Carby's favor in a premises liability action. Upon

review of the record and applicable law, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 2020, Dean fell over a skid steer attachment owned and

located on a farm belonging to Carby. Dean filed suit against Carby under a

premises liability theory on July 26, 2021. Specifically, Dean alleged Carby was negligent in breaching the common law duties owed by a landowner to invitees on the property. After conducting discovery, Carby filed a motion for summary judgment on August 16, 2022. The circuit court granted Carby's motion in an order dated May 2, 2023. This appeal followed.

We will set forth further facts as necessary below.

## ANALYSIS

### I. Standard of Review

This Court reviews a circuit court's grant of summary judgment as follows:

> The proper standard of review on appeal when a trial judge has granted a motion for summary judgment is whether the record, when examined in its entirety, shows there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The trial judge must view the evidence in a light most favorable to the nonmoving party, resolving all doubts in its favor. Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions.

*Bruner v. Cooper*, 677 S.W.3d 252, 269 (Ky. 2023) (quoting *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010)).

## II. Discussion

On appeal, Dean takes issue with the circuit court's determination that the skid steer attachment did not create an "unreasonably dangerous condition" under the guidelines provided in *City of Barbourville v. Hoskins*, 655 S.W.3d 137, 141-42 (Ky. 2022). As previously discussed, Dean's complaint is based on premises liability, which falls under general negligence law. *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky. App. 2001). To prevail on a negligence theory, a plaintiff must prove "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the standard by which his or her duty is measured, and (3) consequent injury." *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003) (citations omitted).

As the Kentucky Supreme Court discussed, "Kentucky law remains steadfast in its adherence to the traditional notion that duty is associated with the status of the injured party as an invitee, licensee, or trespasser." *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 909 (Ky. 2013) (citations omitted). Moreover, "[w]hen the facts of a case are undisputed, the determination of the duty owed by a landowner to a guest is a question of law to be determined by the court." *Hoskins*, 655 S.W.3d at 141 (citation omitted).

In this case, neither party disputes the classification of Dean as an invitee at Carby's farm, as he was "an individual present on the premises at the

explicit or implicit invitation of the property owner to do business or otherwise benefit the property owner." *Bramlett v. Ryan*, 635 S.W.3d 831, 837 (Ky. 2021). Therefore, Carby owed Dean a duty "to discover unreasonably dangerous conditions on the land and to either correct them or warn of them." *Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385, 388 (Ky. 2010).

While "[i]t is generally a question of fact . . . whether an unreasonably dangerous condition existed on the land possessor's premises sufficient to trigger the duty to warn or ameliorate … summary judgment still remains a viable concept[.]" *Hoskins*, 655 S.W.3d at 141 (internal quotation marks and citations omitted). Indeed,

> [i]f reasonable minds cannot differ or it would be unreasonable for a jury to find breach or causation, summary judgment is still available to a landowner. And when no questions of material fact exist or when only one reasonable conclusion can be reached, the litigation may still be terminated.

*Id*. (internal quotation marks and citations omitted).

The *Hoskins* Court defined an "unreasonably dangerous condition" as "one that is recognized by a reasonable person in similar circumstances as a risk that should be avoided or minimized or one that is in fact recognized as such by the particular defendant." *Id*. at 141 (internal quotation marks and citations omitted). Further, "[o]ne indication that a risk is not unreasonable is that a reasonable person in the defendant's shoes would not take action to minimize or avoid the risk." *Id*.

-4-

(internal quotation marks and citations omitted). Additionally, "at common law, conditions on the land could not be deemed unreasonably dangerous if they were known to the visitor or so obvious to him that he may be expected to discover them." *Id*. (internal quotation marks and citations omitted). Resultingly, "if the conditions on the premises are not unreasonably dangerous, the land possessor's duty of care is not implicated, and thus injuries arising from such conditions cannot give rise to the possessor's liability." *Id*. at 141-42 (internal quotation marks and citations omitted).

In this case, the circuit court correctly determined that no reasonable jury could conclude that the presence and location of the skid steer attachment was an unreasonably dangerous condition. The skid steer was farm equipment understandably placed on the farm's gravel lot. Based on his prior visits, Dean testified at his deposition that he was aware of the condition of Carby's property, including the location of Carby's farm equipment. The attachment was not concealed in any way, and Dean testified that he had been cognizant of the attachment's location, having sat next to it fifteen (15) to twenty (20) minutes before he fell.

Moreover, Dean testified that he was conscious of the mechanical, electrical, and hydraulic issues the skid steer was experiencing before his fall, based on Carby's warnings. Dean further testified that, regardless of Carby's

instruction, Dean intended to step back from the skid steer once it started, given its known issues. Moreover, Dean was not distracted when he fell. In short, Dean failed to identify a single risk that Carby knew that was unknown to Dean. Thus, the location of the skid steer attachment was either "known to [Dean] or so obvious to him that he may be expected to discover [it]." *Hoskins*, 655 S.W.3d at 141 (citations omitted).

As such, the circuit court did not err in deciding that the presence and location of the skid steer attachment at Carby's farm was not an unreasonably dangerous condition. Consequently, "if the conditions on the premises are not unreasonably dangerous, the land possessor's duty of care is not implicated[.]" *Id*. at 141-42 (citations omitted)

## **CONCLUSION**

For the preceding reasons, we affirm the Grayson Circuit Court's grant of summary judgment in favor of Carby.

ALL CONCUR.

BRIEF FOR APPELLANT:

Richard I. Williams, Jr.
Hollyn Richardson
Louisville, Kentucky

BRIEF FOR APPELLEE:

Andrew T. Garverich
Elizabethtown, Kentucky